UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEANNE HERRINGTON, # 446278,

        Petitioner,

v.                                        Case No. 11-12253

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Pending before the court is Michigan prisoner Jeanne Herrington's *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On January 31, 2003, Petitioner pleaded guilty to two counts of obtaining goods by false pretenses in the Jackson County Circuit Court. After failing to appear for sentencing, she pleaded guilty to absconding on bond in a criminal proceeding on July 3, 2007. On August 9, 2007, Petitioner was sentenced to five to ten years in prison for each of the false-pretense convictions and twenty-three to forty-eight months in prison for the absconding conviction. In her pleadings, Petitioner appears to contesting the state court's jurisdiction, the validity of the indictments against her, and the factual and legal bases for her convictions. For the reasons stated, the court concludes that Petitioner has not exhausted her state-court remedies and will dismiss her petition without prejudice. The court also will decline to issue Petitioner a certificate of appealability and will deny her an application for leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

On December 3, 2007, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. On January 24, 2008, the Court of Appeals denied her delayed application. *People v. Herrington*, Case No. 282252, (Mich. Ct. App. Jan. 24, 2008). Petitioner did not file an application for leave to appeal that decision with the Michigan Supreme Court.

Rather, on October 19, 2010, Petitioner filed a petition for writ of habeas corpus with this court, raising the same claims raised in the pending petition. The court dismissed the petition without prejudice because Petitioner failed to exhaust her state-court remedies. *Herrington v. Warren*, Case No. 10-14166, 2010 WL 4818570 (E.D. Mich. Nov. 22, 2010).

On February 22, 2011, Petitioner filed with the state trial court a " Writ of Error Coram Nobis," which was construed as a motion for relief from judgment under the Michigan Court Rules 6.500, *et.seq*. The motion was denied. *People v. Herrington*, Case Nos. 02-006836-FH, 03-000351-FH (Jackson County Cir. Ct., Apr. 25, 2011). Petitioner has not appealed that decision to the state appellate courts.

## II. DISCUSSION

Petitioner's claims remain unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The exhaustion requirement is satisfied where a prisoner invokes one complete

round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A prisoner "fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Although Petitioner filed a motion for relief from judgment in the state trial court, she failed to appeal the trial court's disposition of her motion to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state appellate courts in the first instance so the state courts will have an opportunity to decide the claims. Until all state-court remedies are properly exhausted, the court cannot review a petition filed pursuant to 28 U.S.C. § 2254. As the court finds that Petitioner's claims remain unexhausted, it will dismiss the petition without prejudice for failure to exhaust. Petitioner may move to reopen this matter upon exhausting her state-court remedies with the state appellate courts.

Before Petitioner may appeal this court's decision to dismiss the petition, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed.R.App.P.

22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). As the court finds that reasonable jurists could not debate whether the court was correct in its procedural ruling, it will decline to issue a certificate of appealability.

### III.  CONCLUSION

For the reasons stated above, the court concludes that Petitioner has failed to exhaust state-court remedies regarding her habeas claims and that she has an available remedy which must be sought in the state courts before seeking federal habeas review. Accordingly,

IT IS ORDERED that Petitioner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The court makes no determination as to the merits of her claims.

This court DECLINES to issue a certificate of appealability.

                        s/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2011

I hereby certify that a copy of the foregoing document was mailed to Jeanne Herrington and counsel of record on this date, May 31, 2011, by electronic and/or ordinary mail.

                                                           s/Lisa Wagner
                                                          Case Manager and Deputy Clerk
                                                          (313) 234-5522